I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-12-12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 12 2012

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GONZALEZ GALLEGOS,<br><br>    Petitioner,<br><br>vs.<br><br>DOMINGO URIBE JR., Warden,<br><br>    Respondent. | Case No. EDCV 10-1797-DMG (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE AND GRANTING PETITIONER'S MOTION TO LODGE TRANSCRIPT |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge. On August 15, 2012, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation, in which Petitioner primarily repeats some of the arguments in the Petition and Reply, as well as a Motion for Leave to Lodge Transcripts. The motion requests that the Court lodge and review the April 22, 2008 transcript of Petitioner's state-court <u>Marsden</u> hearing, which was not lodged by Respondent with his Answer. The Court has reviewed de novo those portions of the Report and Recommendation to which Petitioner objected as well as the April 22, 2008 transcript.

Although the Court has ordered that transcript lodged and

1  has reviewed it, nothing in it changes the analysis in the Report
2  and Recommendation because the Magistrate Judge accepted as true
3  Petitioner's representations concerning what was said during that
4  hearing.  (See Rep. & Rec. at 13.)  If anything, the transcript
5  undermines Petitioner's arguments.  As to his claim that his
6  counsel admitted three days before trial that he was not prepared
7  to go forward, counsel acknowledged only that he was "still not
8  prepared" because the government's ballistics tests were not yet
9  ready and Petitioner would not agree to waive time despite his
10 lawyer's advice that the results of the tests might prove
11 helpful.  (Hr'g Tr. 7, Apr. 22, 2008.)  Counsel acknowledged that
12 he had been busy with other cases "up until last week" but had
13 since then been investigating Petitioner's case and preparing for
14 trial.  (Id. at 6.)  As the Report and Recommendation points out,
15 the record demonstrates that counsel clearly invested significant
16 time and effort in defending Petitioner.  (Rep. & Rec. at 13.)
17 As to Petitioner's claim that counsel failed to investigate
18 Petitioner's allegations that various people, including the
19 victims and their friends, had been threatening him in the weeks
20 before trial, counsel explained that he had attempted to contact
21 the alleged witnesses and "[t]hey all refused to speak to my
22 investigator or my office."  (Hr'g at 6; see also id. at 7, 8
23 ("he doesn't understand the witnesses he's telling me to
24 investigate doesn't [sic] want to cooperate").)

Having reviewed the Petition, the Court concurs with and accepts the Magistrate Judge's recommendations. IT THEREFORE IS ORDERED that Petitioner's Motion to Lodge Transcripts be GRANTED and that Judgment be entered DENYING the Petition and dismissing this action with prejudice.

DATED: December 11, 2012

_____
DOLLY M. GEE
U.S. DISTRICT JUDGE